**James A. KAY, Jr., Petitioner**

v.

**FEDERAL COMMUNICATIONS COMMISSION and United States of America, Respondents**

**Sprint Nextel Corporation and Southern Communications Services, Inc., Doing Business as Southern Wireless, Intervenors.**

No. 06–1076.

United States Court of Appeals, District of Columbia Circuit.

Oct. 30, 2015.

Robert J. Keller, Law Offices of Robert J. Keller, PC, Washington, DC, for Petitioner.

Matthew Joel Dunne, Daniel McMullen Armstrong, III, Maureen Katherine Flood, Richard Kiser Welch, Federal Communications Commission (FCC) Office of General Counsel, Joel Marcus, Federal Trade Commission (FTC) Office of General Counsel, Robert B. Nicholson, James Joseph Fredricks, U.S. Department of Justice, Washington, DC, for Respondents.

Timothy J. Simeone, Christopher J. Wright, Harris, Wiltshire & Grannis LLP, Kevin Matthew Cookler, Lerman Senter PLLC, Washington, DC, for Intervenors.

Before: GARLAND, Chief Judge, GRIFFITH, Circuit Judge, and SENTELLE, Senior Circuit Judge.

### *JUDGMENT*

This case was considered on the record and briefs of the parties. *See* FED. R.APP. P. 34(a)(2); D.C. CIR. R. 34(j). The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the reasons stated below, it is

**ORDERED AND ADJUDGED** that this petition for review be **DENIED.**

Petitioner James A. Kay challenges a Federal Communications Commission order reconfiguring the 800 MHz spectrum band to reduce interference with public safety communications systems. That order required certain licensees to relocate their operations to a different part of the spectrum. When Kay first petitioned this court in 2006, he personally held affected licenses. Kay, however, now concedes that he no longer owns any licenses in his personal capacity. Instead, Kay purports to maintain "control and ultimate beneficial ownership" of Third District Enterprises ("Third District"), a Nevada limited liability company that holds 800 MHz licenses. According to Kay, his ownership of Third District gives him continued standing to bring this suit in his personal capacity because he is, allegedly, the company's sole member.

But it is hornbook corporate law that a corporation, whether large, closely held, or solely owned, is a separate juridical entity from its shareholders. As a result, a shareholder cannot bring a personal suit in his own name to vindicate the rights of that separate legal entity except under limited exceptions. *See Am. Airways Charters, Inc. v. Regan,* 746 F.2d 865, 873 n. 14 (D.C.Cir.1984) ("No shareholder—not even a sole shareholder—has standing in the usual case to bring suit in his individual capacity on a claim that belongs to the corporation."); *see also* BLUMBERG ET AL., 5 BLUMBERG ON CORPORATE GROUPS § 167.03 at 21 (2d ed. 2015) ("[I]t is hornbook law that in the absence of express statutory authorization, a shareholder has no stand-

ing to bring an action in its own name and on its own behalf for an injury sustained by the corporation."); WILLIAM MEADE FLETCHER, 12B FLETCHER CYCLOPEDIA OF THE LAW OF CORPORATIONS § 5910 at 502–04 (2009) ("The fact that a shareholder owns all, or practically all, or a majority of the stock does not of itself authorize the shareholder to sue as an individual."). Kay makes no effort to assert that he falls under any of the traditional exceptions to this rule, and we find no evidence in the record that might support such a contention. When Kay transferred his licenses to Third District, his claim thus became moot as surely as if he had sold those licenses to a large public corporation.

The fact that Third District is a limited liability company, rather than a traditional corporation, does not change this analysis. Just as the corporate shareholder is a legally distinct person with different rights and responsibilities from the corporation, *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 163, 121 S.Ct. 2087, 150 L.Ed.2d 198 (2001), so too is a limited liability company legally distinct from its members. *See, e.g., Weddell v. H2O, Inc.*, 271 P.3d 743, 748 (Nev.2012) (holding that, under Nevada law, "[l]imited-liability companies (LLCs) are business entities created to provide a corporate-styled liability shield" (internal quotation mark omitted)). Equity requires that an owner accept the burdens of this separation between the company's rights and his own, just as he reaps its benefits. *Cf. Williams v. Mordkofsky*, 901 F.2d 158, 164 (D.C.Cir.1990) ("Had [the corporation] declared bankruptcy, it is certain that the [owners] would not be so quick to request that we disregard the corporate form."). As a result, Kay cannot assert the legally distinct rights of Third District.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C. CIR. R. 41(a)(1).